UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY J MCCORMICK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 5:15-cv-03767-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 12, 15 |

Plaintiff Timothy McCormick seeks review of the Social Security Administration's decision to deny his application for disability benefits. McCormick moves for summary judgment awarding benefits, or, in the alternative, to remand for further proceedings. Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, moves for summary judgment affirming the decision of the Administrative Law Judge ("ALJ"). Because the ALJ did not explain why he rejected medical opinions from the Veterans Administration ("VA") and McCormick's treating physician, McCormick's motion to remand will be GRANTED and the Commissioner's motion for summary judgment will be DENIED.

1

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. BACKGROUND

### A. Procedural Background

McCormick filed for disability insurance benefits in 2010. Administrative Record ("AR"), Dkt. No. 11 at 153–54. He claimed that he became disabled on August 1, 2009, because of post-traumatic stress disorder ("PTSD") arising from his service as a combat medic during the Vietnam war. Id. at 59, 153–54, 180. He also suffers from a variety of physical health problems, including atrial fibrillation and diabetes with peripheral neuropathy. Id. After his application was denied, he requested a hearing before an ALJ. Id. at 131.

McCormick appeared at the first of two administrative hearings on April 24, 2012. Id. at 103. The ALJ issued a "partially favorable" decision, finding that McCormick became disabled on April 23, 2012 (the day before the hearing), when he was hospitalized for complications arising from acute blood loss anemia. Id. at 108. But the ALJ also found that McCormick's PTSD was "non-severe" and that McCormick was capable of "light work" before he became disabled on April 23. Id.

McCormick appealed. The Appeals Council issued an order on October 25, 2013. Id. at 94–96. It held that there was insufficient evidence to determine whether McCormick had become disabled because of the acute blood loss anemia. Id. It also held that, with respect to McCormick's PTSD, "the decision does not contain an evaluation of the claimant's alleged mental impairments" as required by Social Security regulations. Id. at 95. The Appeals Council remanded and directed the ALJ to "obtain additional evidence concerning the claimant's impairments" and "[i]f necessary and available, obtain supplemental evidence from a medical expert to clarify the nature and severity of claimant's impairments." Id.

McCormick appeared at a second administrative hearing on December 17, 2013. Id. at 55. The hearing lasted nine minutes. Id. at 57–63. The ALJ did not consider any new evidence other than a four-page "mental impairment questionnaire" prepared by Dr. Adam Karwatowicz that McCormick submitted. Id. at 714–17. On February 3, 2014, the ALJ issued an order finding that McCormick was not disabled. Id. at 8–20. McCormick appealed, and the Appeals Council denied

2

review. Id. at 1. He then brought this action.

### A.    Medical Evidence

The ALJ considered several medical opinions in reaching the conclusion that McCormick was not disabled. First, treatment records from the VA were available for the period from 2003 to 2011. AR at 16. Throughout that period, the records show that McCormick was treated for PTSD and several physical conditions. Id. A 2009 VA report indicated that a McCormick had a 70% disability rating because of his PTSD. Id. at 17. However, the ALJ gave the VA report "little weight because it is inconsistent with both medical expert testimony and the relevant medical evidence of record, including longitudinal medical records from the VA . . . ." Id.

Second, after McCormick filed for disability insurance benefits, Dr. Kim Goldman completed a psychological evaluation of McCormick on January 7, 2011. Id. at 17. She diagnosed McCormick with PTSD and other psychological disorders, and found that he "had mild to moderate impairment in his ability to respond appropriately to coworkers, supervisors, and the public as a result." Id. The ALJ found that "based on her status as a treating psychologist, Dr. Goldman's opinion is afforded significant weight to the extent that it supports a finding that the claimant's medically determinable mental impairments were nonsevere through the date last insured." Id. at 18.

Third, Dr. Clark Gable completed an internal medicine evaluation on January 24, 2011. Id. at 18. He found that McCormick could carry 50 pounds occasionally and 25 pounds frequently, and could stand, walk, or sit for six hours in an eight-hour work day. Id. The ALJ held that "Dr. Gable's opinion is afforded little weight, despite his examining status," because it is "inconsistent with both medical expert testimony and relevant medical records in evidence, such as those in the VA . . . ." Id.

Fourth, Dr. Harvey Bilik did not examine McCormick personally, but the ALJ endorsed his January 30, 2011, assessment of the psychological evidence on record, finding that Dr. Bilik's opinions "are afforded significant weight to the extent that he establishes the presence of

nonsevere medically determinable mental impairments . . . ."

Fifth, Dr. Steven Gerber reviewed the medical evidence on the record, but he did not examine McCormick personally. Id. He testified at the first hearing on April 24, 2012, that McCormick "did not have a medically determinable physical impairment" and "would have been able to perform the full range of work at the light exertional level." Id. The ALJ held that "Dr. Gerber's opinion is afforded great weight and has been adopted by the undersigned" because it is "wholly consistent with the relevant medical evidence of record . . . ." Id.

Finally, at the second hearing, McCormick submitted a four-page "mental impairment questionnaire" prepared by Dr. Adam Karwatowicz on December 9, 2013. Id. at 17. Dr. Karwatowicz had treated McCormick 13 times for PTSD since June 30, 2010. Id. at 714–17. He characterized McCormick's functional limitations arising from his PTSD as "marked" and "extreme." Id. at 716. He further noted that McCormick had three "episodes of decompensation" (i.e., increases in symptoms) in a "12 month period, each of at least 2 weeks duration." Id. However, the ALJ held that "Dr. Karwatowicz's opinion is afforded little weight, despite his status as a treating psychiatrist," because his "opinion was prepared several months after the date last insured [i.e., June 30, 2013] and is inconsistent with relevant medical records germane to that period, including those from the VA . . . ." Id. at 17.

## II.   LEGAL STANDARD

### A.   Standard for Reviewing the Decision of an Administrative Law Judge

42 U.S.C. § 405(g) grants a district court the authority to review an ALJ decision to deny disability benefits. The district court may only set aside a denial of benefits if the ALJ's decision is not supported by substantial evidence or the decision was based on legal error. 42 U.S.C. § 405(g); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

"Substantial evidence is more than a mere scintilla, but is less than a preponderance." Matney, 981 F.2d at 1019 (internal quotations omitted). The relevant evidence must be such "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

4

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

U.S. 389, 401 (1971). To determine whether the ALJ's decision is supported by substantial evidence, the Court "must review the administrative record as a whole," weighing the evidence which both supports and detracts from the ALJ's conclusion. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). When the evidence could support more than one rational interpretation, the Court must defer to the ALJ's decision. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

### B.  Standard for Determining Disability

To qualify for disability insurance benefits under the Social Security Act, a Plaintiff must establish the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability exists only if the patient's "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

Disability is evaluated using a five-step process. 20 C.F.R. § 404.1520(a)(4). The initial burden rests with the claimant to prove a prima facie case of disability as to the first four steps. Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). At the fifth step, "the burden shifts to the Commissioner to establish that the claimant can perform a significant number of other jobs in the national economy." Id. "If it can be determined that a claimant is disabled or not disabled at any point in the review, that finding is made, and the review is ended." Matney, 981 F.2d at 1019. The five steps are:

1.  Whether the claimant is "doing substantial gainful activity." If so, the claimant is deemed not disabled. 20 C.F.R § 404.1520(a)(1)(4)(i), 404.1520(b).

2.  Whether the claimant has a severe impairment or combination of impairments. If not, the claimant is deemed not disabled. Id. § 404.1520(a)(1)(4)(ii), 404.1520(c).

5

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    3.   Whether the impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. If so, the claimant is deemed disabled. Id. § 404.1520(a)(1)(4)(iii), 404.1520(d).

4.   Whether the claimant's RFC, despite his impairments, allows him to still perform his past relevant work. If so, the claimant is deemed not disabled. Id. § 404.1520(a)(1)(4)(iv), 404.1520(e-f).

5.   At the fifth step, the burden shifts to the Commissioner to show that, based on an assessment of the claimant's RFC, age, education and work experience, the claimant can make an adjustment to work. If not, the claimant is deemed disabled. Id. § 404.1520(a)(1)(4)(v), 404.1520(g).

## III.   DISCUSSION

McCormick argues that the ALJ (1) improperly rejected the VA's opinion, (2) improperly rejected Dr. Karwatowicz's opinion, and (3) failed to adequately develop the record.

### A.   The ALJ improperly rejected the VA's opinion.

McCormick argues that the ALJ improperly rejected the VA's determination in May 2009 that McCormick had a "70% service connected disability for PTSD." Pl.'s Mot. for Summ. J. ("Mot."), Dkt. No. 12 at 11–12. The ALJ wrote that he had "considered this decision and affords it little weight because it is inconsistent with both medical expert testimony and the relevant medical evidence of record, including longitudinal records from the VA . . . ." AR at 17.

An ALJ "must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id.

Here, the ALJ did not adequately explain why he gave "little weight" to the VA's determination. First, the ALJ noted that the VA's determination was "inconsistent with . . . medical expert testimony," but he did not explain which testimony he was referring to, or how it

6

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

was inconsistent. AR at 17. As discussed above, the record contained differing opinions from five separate doctors (in addition to the VA's determination). The ALJ did not explain why VA's determination should be given less weight than the other medical opinions.

Second, the ALJ concluded, without explanation, that the VA's determination was inconsistent with the VA's own medical records. Id. (holding that the VA's determination carried "little weight because it is inconsistent with . . . medical evidence of record, including longitudinal records from the VA"). The ALJ's finding falls short of the "persuasive" and "specific" justification needed to overcome the "great weight" normally afforded to the VA's determinations. McCartey, 298 F.3d at 1072.

In its brief here, the Commissioner offers several possible justifications for the ALJ's decision to give less weight to the VA's determination. For instance, the Commissioner argues that the VA's 2009 determination is unreliable because VA records from 2009 to 2011 show that McCormick's PTSD symptoms "were effectively controlled with medication and therapy." Def.'s Opp'n and Cross-Mot. for Summ. J. ("Opp'n"), Dkt. No. 15 at 14. The Commissioner also points out that the VA's determination conflicts with the opinions of Dr. Goldman and Dr. Bilik, both of whom relied on evidence that was not available to the VA in 2009. Id. at 15.

These reasons may be accurate, but the ALJ did not supply them. This Court cannot introduce a justification that was missing from the ALJ's order. Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

**B.   The ALJ improperly rejected Dr. Karwatowicz's opinion.**

McCormick argues that the ALJ improperly rejected the opinion of his treating psychiatrist, Dr. Adam Karwatowicz. Mot. at 8–11. As discussed above, McCormick submitted a four-page "mental impairment questionnaire" that Dr. Karwatowicz prepared on December 9, 2013. AR at 714–717. Dr. Karwatowicz characterized McCormick's functional limitations arising from his PTSD as "marked" and "extreme." Id. at 716. Dr. Karwatowicz had treated McCormick

7

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

13 times for PTSD since June 30, 2010. Id. at 714–17. He treated McCormick more than any of the other physicians whose opinions the ALJ considered. Nonetheless, the ALJ held that "Dr. Karwatowicz's opinion is afforded little weight, despite his status as a treating psychiatrist," because his "opinion was prepared several months after the date last insured [i.e., June 30, 2013] and is inconsistent with relevant medical records germane to that period, including those from the VA . . . ." Id. at 17.

The opinion of a treating physician is entitled to greater weight than the opinion of an examining physician, and both are entitled to greater weight than the opinion of a nonexamining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) and Lester, 81 F.3d at 830). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id. An "ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012–13 (9th Cir. 2014).

As with his rejection of the VA's determination (discussed above), the ALJ failed to adequately explain why he gave "little weight" to Dr. Karwatowicz's opinion. The ALJ noted that Dr. Karwatowicz's latest opinion was written after the date last insured, but he does not account for the fact that Dr. Karwatowicz had been McCormick's treating psychiatrist since 2010. The Commissioner again suggests several possible rationales for the ALJ's decision—for instance, Dr. Karwatowicz's opinion differed in several respects from the assessments of Drs. Goldman and Bilik, and it arguably contained several internal inconsistencies. Opp'n at 11–12. But, as with the ALJ's rejection of the VA's determination, the Court cannot supply a rationale that was missing

8

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

from the ALJ's order. Instead, the ALJ "must state clear and convincing reasons that are supported by substantial evidence." Ryan, 528 F.3d at 1198.

### C. The ALJ adequately developed the record.

McCormick argues that the ALJ failed to adequately develop the record. Mot. at 6–8. After McCormick appealed the ALJ's first decision, the Appeals Council remanded with instructions to "obtain additional evidence concerning the claimant's impairments in order to complete the administrative record," and "if necessary and available, obtain supplemental evidence from a medical expert to clarify the nature and severity of the claimant's impairments . . . ." AR at 11.

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.' " Tonapetyan v. Halter, 242 F.3d 1144, 1151 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ "should not be 'mere umpire' during disability proceedings," but must " 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.' " Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.' " Id. (citing Smolen, 80 F.3d at 1288). "This duty extends to the represented as well as to the unrepresented claimant." Tonapetyan at 1151. "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests." Id. (citing Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992)); DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) ("In cases of mental impairments, this duty [to develop the record] is especially important.").

Here, the ALJ adequately developed the record. McCormick argues that ALJ "fail[ed] to obtain updated medical treatment evidence." Mot. at 6. But McCormick submitted the Dr. Karwatowicz's December 9, 2013, "medical impairment questionnaire," which was not in evidence at the first hearing. AR 714–17. Dr. Karwatowicz's report constituted the type of "supplemental evidence from a medical expert" that the Appeals Council directed the ALJ to

9

Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

obtain. Id. at 95. At the hearing, the ALJ invited McCormick to submit additional medical evidence, but McCormick declined. Id. at 57. The ALJ considered medical evidence from six separate sources, and although the evidence contained differing opinions, it was not ambiguous. The ALJ met his duty to develop the record.

McCormick contends that the ALJ erred because the evidence contained medical records from "only two of the 13 visits between Mr. McCormick and Dr. Karwatowicz . . . ." Since this Court will grant McCormick's motion to remand, McCormick may submit these additional records during further proceedings before the ALJ.

## IV. CONCLUSION

McCormick's motion to remand is GRANTED. McCormick's motion for summary judgment is DENIED. The Commissioner's motion for summary judgment is DENIED.

The Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings consistent with this order. Judgment will be entered in favor of Plaintiff and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 30, 2017



EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:15-cv-03767-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT